## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IRA ALSTON,

           Plaintiff,

   v.

JIMMY SHARPE, CLAPP, JOSEFIAK, BADER, MICHAEL PAFUMI, GERMOND, TIMOTHY RIORDAN, RAMOS, CLAUDIO, NELSON CORRIEA, CARROLL, DARRYL LITTLE, ANGEL QUIROS, MACK, MARQUISS, DYSON, CARSON WRIGHT, VICTORY SCRUGGS, KIMBERLY DELARCHE, NANCY HILL, WENDY SANDERS, PAUL WILBUR, NIGEL RODNEY, BARBARA SAVIOE

           Defendants.

3:13 - CV - 0001 (CSH)

**AUGUST 7, 2015**

### RULING AND ORDER

**HAIGHT,** Senior District Judge:

The plaintiff, Ira Alston, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed this civil rights action *pro se* under section 1983 of title 42 of the United States Code.  In his amended complaint, the plaintiff contends that the defendants confined him in handcuffs, leg irons, tether and belly chain with black box in an unsanitary cell for five days and denied him medical treatment for his injuries during that time.  This Ruling addresses a motion to dismiss filed by several individual defendants, the plaintiff's motion for default, motion to compel, and motion for appointment of counsel, and other miscellaneous motions filed by the parties.

### I.  Motion for Default [Doc. #54] & Supplemental Motion for Default [Doc. #55]

In his first motion for default, doc. [54], the plaintiff seeks entry of default of all defendants

1

for failure to plead.  In his supplemental motion for default, doc. [55], the plaintiff acknowledges that defendants Marquiss, Carroll, Quiros and Wright have moved to dismiss the claims against them and asks the Court to enter the default only of the remaining defendants, Pafumi, Sharp, Ramos, Germond, Claudio, Riordan, Corriea, Little, Josefiak, Clapp, Beider, Dyson, Mack, Wilbur, Sanders, Delarche, Scruggs, Rodney, Savoie and Hill.  In light of the supplemental motion, the plaintiff's first motion will be denied as moot.

The defendants oppose the supplemental motion on several grounds.  First, they argue that the plaintiff has not complied with the requirements of Rule 55(b)(1), Fed. R. Civ. P.  The defendants' argument is inapplicable.  Rule 55(b)(1) governs entry of default judgment by the Clerk. In his motion, however, the plaintiff seeks entry of default pursuant to Rule 55(a), a prerequisite to seeking entry of default judgment.  Indeed, the Court specifically instructed the plaintiff on this two-step process in a prior Ruling.  *See* Doc. #49 (denying motion for default judgment as prematurely filed because no default had entered).

Second, the defendants contend that default should not enter because some defendants have filed a motion to dismiss.  The defendants note that all defendants are represented by the Office of the Attorney General and will be defending this case jointly.  If the motion to dismiss is denied, the moving defendants would file a joint answer with the non-moving defendants.

Another district court has denied a motion for entry of default in similar circumstances. Although acknowledging that a motion to dismiss filed by some defendants does not relieve other defendants of their duty to answer the complaint or otherwise defend the action, the court determined that representation by the same attorney and the likelihood of all parties filing a joint answer and participating jointly in discovery was sufficient to satisfy the "otherwise defend"

requirement. *Buckles v. Focus on Innovation, Inc.*, No. 6:13-cv-1198-Orl-36TBS, 2013 WL 5305683, at *2 (M.D. Fla. Sept. 20, 2013) (citing Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D. Wis. 1970)). This Court adopts that rationale in this case.

The defendants also argue that permitting them to file one joint answer after the Court rules on the motion to dismiss will avoid piecemeal litigation. In response, the plaintiff argues that the defendants fail to acknowledge that they could have sought an extension of time to respond until the Court rules on the motion to dismiss but failed to do so. Although the Court will deny the motion for entry of default and permit the defendants to proceed jointly in this case, the defendants are cautioned that, in the future, failing to file an appropriate motion for extension of time and ignoring deadlines will not be considered favorably.

The plaintiff's supplemental motion for entry of default will be denied. All remaining defendants shall file their answer to the amended complaint within twenty-one days after the Court files its ruling on the pending motion to dismiss.

## II.    <u>Motion to Compel [Doc. #51] & Motion for Protective Order [Doc. #58]</u>

The plaintiff moves to compel defendant Pafumi to respond to the plaintiff's January 26, 2015 interrogatories. The defendants oppose the motion on the grounds that the underlying rationale for the requests is moot, the information is unrelated to any issues in this action and, in part, seeks home addresses for certain defendants which could jeopardize safety and security. Further, the defendants argue that defendant Pafumi, the person to whom the interrogatories are directed, does not maintain records of all names by which former employees may have been known during their lifetimes or their current home or work addresses. The defendants state that the plaintiff can seek this information from the employer of such persons, the Department of Correction or University of

3

Connecticut Health Center, through appropriate third party discovery.

The plaintiff seeks the full names of defendants Carroll, Darryl Little and Wendy Sanders and any other name by which they may have been known along with their current work and home addresses. In his letter purporting to attempt to resolve this issue, the plaintiff inquires whether counsel is willing to accept service on behalf of these three defendants. *See* Doc. #51 at 17. Thus, the Court assumes that the plaintiff seeks this information to effect service. All official capacity claims were dismissed in the Initial Review Order. *See* Doc. #11. The plaintiff normally would have to provide full names and home addresses to the U.S. Marshal Service to serve retired defendants in their individual capacities. However, counsel has appeared for all defendants in their individual capacities. *See* Docs. ##38, 40. As no defendant has challenged the adequacy of service of process, their names and addresses are not required. The plaintiff's motion to compel is denied.

The defendants seeks a protective order that discovery be stayed as to defendants Marquiss, Carroll, Quiros and Wright until the Court rules on their motion to dismiss. The defendants' motion will be granted absent objection.

### III.  Motion for Extension of Time [Doc. #56], Motion to Amend Complaint [Doc. #71], and Motion to Dismiss [Doc. #52]

On June 1, 2015, defendants Marquiss, Carro, Quiros, and Wright filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's amended complaint ("motion to dismiss"). On June 8, 2015, plaintiff filed a motion for an extension of time until August 1, 2015, to respond to defendants' interrogatories and motion to dismiss. That motion will be granted *nunc pro tunc*.

Plaintiff also filed, on August 3, 2015, a motion for leave to amend his complaint and self-styled "Third Amended Complaint." Plaintiff states that pursuant to Fed. R. Civ. P. 15(a)(1), he is entitled to amend his complaint as a "matter of course." Pursuant to Fed. R. Civ. P. 15(a)(1)(B), "[a]

4

party may amend its pleading once as a matter of course within . . . 21 days afer service of a motion under Rule 12(b)."  Although Plaintiff filed his motion to amend and amended complaint more than 21 days after defendants filed their motion to dismiss, he nevertheless timely moved for an extension of time to respond to defendants' motion to dismiss.  Ultimately, Plaintiff's response to defendants' motion to dismiss took the form of an amended complaint and motion to amend the complaint "as a matter of course," as opposed to an objection to the motion to dismiss.  And, instead of being filed by August 1 (the proposed enlarged deadline for filing the response to the motion to dismiss), the motion to amend the complaint was filed on August 3.  However, since August 1 was a Saturday, the period of time  within which to file a response to defendants' motion to dismiss, had the motion been granted, would have extended to Monday, August 3.  *See* Fed. R. Civ. P. 6.

The Court finds that there is some flexibility under Fed. Civ. P. 15(a)(1)(A) in these circumstances.  Had Plaintiff moved for an enlargement of the 21 day period within which to file an amended complaint, as opposed to the motion for extension of time to respond to defendants' motion to dismiss, which he actually filed, the Court would have granted the relief requested.  Construing, therefore, Plaintiff's motion for extension of time to respond to defendants' motion to dismiss, as motion for extension of time to file an amended complaint "as a matter of course," the Court will grant Plaintiff's motion to amend the complaint, and will view Plaintiff's "Third Amended Complaint" as the operative complaint in this action.  Defendants Marquiss's, Carro's, Quiros's, and Wright's motion to dismiss the complaint will therefore be denied as moot, but without prejudice to refiling.

## IV.   Motion for Appointment of Counsel [Doc. #59] & Motion for Favorable Ruling [Doc. #65]

The plaintiff seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. §

5

1915.  For the reasons set forth below, the plaintiff's motion will be denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 396 (2d Cir. 1997).  The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

The plaintiff states that he has been denied representation in this case by Inmates' Legal Assistance Program because their contract with the Department of Correction has terminated.  He does not indicate, however, that he has sought assistance from Inmate Legal Aid Program, Bansley Anthony LLC, 265 Orange Street, New Haven, CT 06510, the replacement organization.  Thus, the plaintiff has not sufficiently demonstrated that he is unable to obtain legal assistance on his own in this case.

The Second Circuit also has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74.  The court of appeals has explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171.  The current record consists of the amended complaint and the defendants' motion to dismiss claims against some defendants.  The Court cannot determine at this time whether the plaintiff's claims possess likely merit.  Accordingly, the plaintiff's motion for appointment of counsel is denied without prejudice to refiling at a later stage of litigation.  The plaintiff's motion seeking a favorable ruling on the motion for appointment of counsel is denied.

**V.      Motion for Court to Intervene [Doc. #60] & Motion to Expedite Ruling [Doc. #69]**

The plaintiff asks the Court to order the defendants or their agents to provide him sufficient free envelopes and paper to meet his legal requirements.  In support of his motion, the plaintiff states that between May 6, 2015 and June 1, 2015, he was denied free legal envelopes and paper as well as free social envelopes and paper for personal use.  On May 27, 2015, the plaintiff was able to purchase items from the commissary.  The plaintiff was denied free legal envelopes and paper because he did not meet the Department of Correction indigency requirements.  The plaintiff asks the Court to order the defendants or their agents to provide him two writing pads and fifteen free postage legal mail manila envelopes per month and two free postage social correspondence envelopes per week.

The plaintiff states that he has ten pending state court civil matters and four federal civil matters.  In addition, the plaintiff is represented by counsel in a state habeas action and one federal civil rights action.  The plaintiff contends that he required sufficient paper and envelopes to seek representation from law firms and to communicate with his lawyers and defendants' counsel in his various cases.  The plaintiff challenges the actions of Counselor Stamm and Unit Manager Captain Robles in connection with this motion.  Neither person is a defendant in this case.

The defendants object to the plaintiff's motion.  They contend that they are named in their individual capacities only and, as such, have no obligation to provide the plaintiff with these items and have no agents who can provide the items.  As a non-indigent inmate, the plaintiff must pay for his own mail, both legal and social.  The plaintiff has misconstrued the directive when he claims entitlement to free legal postage as a non-indigent inmate.  Further, the plaintiff's statement that he spent over $19 in the commissary on May 27, 2015, shows that he currently does not meet the

7

indigency standard which requires that the spendable balance in his inmate account remain below $5.00 for ninety days. Finally, the defendants note that the plaintiff has filed at least 162 pages of handwritten motions, pleadings and other documents after May 27, 2015, in several of his state and federal cases.

The Court notes that Northern Correctional Institution participated in the federal court's Prisoner Electronic Filing Program. Thus, anything the plaintiff files with this court in his federal court actions is electronically filed. No envelopes and postage are required. Nor is the plaintiff required to serve a copy of any electronically filed documents on defendants' counsel. While the plaintiff would require envelopes to respond to discovery requests in this case, he fails to demonstrate that he must submit those responses before he would meet the indigency standard at the end of this month or that the all of the supplies he requests are required to litigate this case.[1]

In his most recent motion seeking an expedited ruling, the plaintiff lists several cases in which he needs to submit documents. All of the listed cases are filed in state court. In addition, the plaintiff states that he seeks paper and envelopes to file other complaints or communicate with his family. These requests are unrelated to the subject of this action and are improperly made in this case. If the plaintiff requires envelopes, paper or postage to litigate his state court cases, he should seek these items through motions filed in state court. In his motion, the plaintiff also challenges the administration of the punitive segregation program at Northern Correctional Institution. Again, that claim is unrelated to the subject of this case which is the application of restraints for a few days in 2010.

The plaintiff's motion is really a request for preliminary injunctive relief. As such, the injury

---

[1]The Court presumes that the plaintiff has received no deposits to his inmate account since May 27, 2015.

sought to be redressed through the motion must relate to the conduct giving rise to the complaint. *See Randolph v. Griffin*, No. 12-CV-745S, 2014 WL 3548967, at *8 (W.D.N.Y. July 17, 2014) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)); *see also Stewart v. Immigration & Naturalization Serv.*, 762 F.2d 193, 199 (2d Cir. 1985) (reversing district court decision granting motion for preliminary injunctive relief where motion for preliminary injunctive relief presented issues "entirely different from those which were alleged in his original complaint" and plaintiff had neither sought leave to amend complaint nor filed new complaint to address those issues).

There are no claims in this case regarding the Department of Correction policy regarding legal and social mail, the indigency standard or the punitive segregation program. Thus, any general orders relating to any of these issues would be inappropriate in this case. The plaintiff, like all litigants, must choose how to allocate limited resources. *See S.E.C. v. Berry*, No. C07-04431 RMW(HRL), 2011 WL 2149088, at *2 (N.D. Cal. June 1, 2011) (acknowledging that nearly all litigants must choose how to allocate resources).

The plaintiff's motion seeking court intervention is denied and his motion to expedite this ruling is denied as moot.

**VI.   <u>Motion to Amend/Correct [Doc. #64]</u>**

The plaintiff seeks reconsideration of the dismissal of his claims for injunctive relief. In the Initial Review Order, the Court dismissed the claims for unspecified injunctive relief because the plaintiff was no longer confined at Northern Correctional Institution, the place where the incident underlying this action occurred. The plaintiff states that he returned to Northern Correctional Institution on January 30, 2015. The plaintiff filed this motion for reconsideration on July 10, 2015.

9

The plaintiff argues that the Court failed to consider the possibility that he would be transferred back to Northern Correctional Institution.

In opposition to the motion, the defendants contend that the request was properly dismissed as moot and note that neither in his amended complaint nor motion for reconsideration has the plaintiff specified the injunctive relief he seeks.

In reply, the plaintiff challenges the defendants' characterization of his motion as a motion for reconsideration and notes that the motion caption references a motion to alter or amend judgment. The plaintiff's alternative captions are ineffective. As no judgment has entered in this case, any motion to alter or amend a judgment is premature. Thus, the only applicable characterization of the motion is a motion for reconsideration. *See Kashannejad v. U.S. Citizenship and Immigration Servs.*, No. C-11-2228 EMC, 2011 WL 6012929, at *1 (N.D. Cal. Dec. 1, 2011) (noting that motion characterized as motion to alter or amend judgment pursuant to Rule 59(e), for relief from judgment pursuant to Rule 60(b) and for reconsideration could be considered only as motion for reconsideration as Rule 59 requires entry of a judgment and Rule 60 requires a final judgment).

The Court filed the Initial Review Order on October 23, 2014. The plaintiff had fourteen days, until November 6, 2014, to file a motion for reconsideration. *See* D. Conn. L. Civ. R. 7(c) (requiring motions for reconsideration be filed and served within fourteen days). To explain his delay in filing the motion, the plaintiff states that he was not returned to Northern Correctional Institution until January 30, 2015. Although this may justify the failure to immediately seek reconsideration of the dismissal of the request for injunctive relief, it does not explain why he waited over five months after his return to file this motion. Thus, the motion is untimely filed.

Further, the standard governing a motion for reconsideration is strict.  *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id. See also Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), *cert. denied*, 506 U.S. 820 (1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790); *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993) ("[T]he function of a motion for reconsideration is to present the court with an opportunity or correct 'manifest errors of law or fact or to consider newly discovered evidence.'" ) (quoting *Bothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville*, NO. 3:96-CV-413(HBF), 2005 WL 2416094, at *1 (D. Conn. Sept. 30, 2005) ("Generally, the three grounds justifying reconsideration are 1) an intervening change of controlling law; 2) the availability of new evidence; or 3) the need or correct a clear error or prevent manifest injustice.").  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257.

The complaint concerns one incident that occurred in January 2010.  There is no ongoing irreparable harm that could be addressed by an award of injunctive relief.  Indeed, the plaintiff states that the injunctive relief he seeks is a general order that the defendants not violate his constitutional rights.  Injunctive relief in cases filed by prisoners regarding prison conditions must be narrowly

tailored.  "The court shall not approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1).  The plaintiff's general request is not tied to the incident five years ago and is not narrowly drawn.  The plaintiff's motion for reconsideration will be granted but, upon reconsideration, the requested relief will be denied.

## VII.   Conclusion

The plaintiff's motion for default [**Doc. #54**] is **DENIED** as moot.  The plaintiff's supplemental motion for default [**Doc. #55**] is **DENIED**.

The plaintiff's motion to compel [**Doc. #51**] is **DENIED**.

The plaintiff's motion for extension of time [**Doc. #56**], until August 1, 2015, to respond to the pending motion to dismiss and defendants' interrogatories is **GRANTED** *nunc pro tunc*.

The plaintiff's motion to amend/correct the complaint [**Doc. #71**] is **GRANTED**. Accordingly, the motion of defendants Marquiss, Carro, Quiros, and Wright, to dismiss the complaint [**Doc. #52**] is **DENIED** as moot but without prejudice to refiling.  Likewise, their motion for protective order [**Doc. #58**] staying discovery until their motion to dismiss is ruled upon, is **DENIED** as moot, without prejudice to refiling, in light of the fact that the motion to dismiss has been denied.

The plaintiff's motion for appointment of counsel [**Doc. #59**] is **DENIED** without prejudice to refiling at a later stage of litigation.  The plaintiff's motion seeking a favorable ruling on the motion for appointment of counsel [**Doc. #65**] is **DENIED**.

The plaintiff's motion seeking court intervention [**Doc. #60**] is **DENIED** and his motion to

12

expedite this ruling [**Doc. #69**] is **DENIED** as moot.

The plaintiff's motion for reconsideration [**Doc. #64**] is **GRANTED** but the requested relief

is **DENIED**.

The Clerk is directed to docket Plaintiff's "Third Amended Complaint" (i.e., doc. [71] pp.

3-32) in a separate entry on the docket.  Defendants shall answer or otherwise respond to Plaintiff's

"Third Amended Complaint" by **September 8, 2015**.

It is SO ORDERED.

Dated:   New Haven, Connecticut
          August 7, 2015

_____*/s/ Charles S. Haight, Jr.*_____
CHARLES S. HAIGHT, JR.
Senior United States District Judge

13