# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IRA ALSTON,

              Plaintiff,

  v.

JIMMY SHARPE, CLAPP, JOSEFIAK, BADER, MICHAEL PAFUMI, GERMOND, TIMOTHY RIORDAN, RAMOS, CLAUDIO, NELSON CORRIEA, CARROLL, DARRYL LITTLE, ANGEL QUIROS, MACK, MARQUISS, DYSON, CARSON WRIGHT, VICTORY SCRUGGS, KIMBERLY DELARCHE, NANCY HILL, WENDY SANDERS, PAUL WILBUR, NIGEL RODNEY, and BARBARA SAVIOE,

              Defendants.

3:13-cv-00001 (CSH)

## RULING ON NON-DISPOSITIVE PENDING MOTIONS

HAIGHT, Senior District Judge:

Plaintiff, Ira Alston, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut ("NCI"), has filed this civil rights action *pro se* under 42 U.S.C. § 1983.  The operative complaint is the Third Amended Complaint, filed on August 7, 2015. [Doc. #76].  Plaintiff contends that Defendants confined him in handcuffs, leg irons, tether and belly chain with black box in an unsanitary cell for five days in January 2010 and denied him medical treatment for his injuries during that time.

This Ruling resolves Defendants' Motion to Seal [Doc. #83], as well as all of Plaintiff's pending motions:  Motion for Order Excusing Plaintiff from Responding to Defendants' Request for

Interrogatories [Doc. #77]; Motion for Courtesy Copy of Court's File [Doc. #78]; Motion for an

Order in the Nature of a Preliminary Injunction or Protective Order [Doc. #79]; Motion to Withdraw

[Doc. #85]; Second Motion for Enlargement of Time to Respond to All the Defendant's

Interrogatories and Requests for Production of Documents [Doc. #86]; Motions for Leave to Serve

Additional Interrogatories Upon Each Named Defendant [Docs. ##87, 88]; Motion for Entry of

Default [Doc. #89]; and Motion to Amend [Doc. #92].

## I.       Defendants' Motion to Seal [Doc. #83]

Defendants seek leave to file under seal Exhibit 5 to their Memorandum of Law in Support

of their Motion to Dismiss, a document purportedly consisting of Plaintiff's medical records.  [Doc.

#82-6].  Defendants' memorandum describes Exhibit 5 as "a copy of portions of plaintiff's medical

records from NCI at and shortly after the dates of the events complained of in the Third Amended

Complaint."  [Doc. #82-1], at 32.

A presumption of openness pervades federal dockets, *see generally Hartford Courant Co.

v. Pellegrino*, 380 F.3d 83, 94-96 (2d Cir. 2004), and therefore motions to seal are strongly

disfavored.  This disfavor is expressed, *inter alia*, in Rule 6(e) of this District's Local Rules, which

limits a sealing order to instances in which "particularized findings demonstrat[e] that sealing is

supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

However, despite this strong presumption, "federal law treats medical records as

confidential," and "[t]herefore, plaintiff's medical records [should] be sealed." *Northrop v. Carucci*,

2007 WL 685173, at *3 n.6 (D. Conn. Mar. 5, 2007) (citing the Health Insurance Portability and

Accountability Act of 1996, Pub. L. 104-191 (1996)); *see also Principal Nat. Life Ins. Co. v.

Coassin*, 2015 WL 3466111, at *2 (D. Conn. June 1, 2015) ("Exhibits 1, 2, 3, 11, 12, 14, and 15

consist of wholly or substantially of information about [Defendant's] health, and sealing these documents is clearly warranted").  Likewise, Defendants seek to seal medical records, and therefore their Motion to Seal is granted.

## II.   Plaintiff's Motion to Withdraw [Doc. #85]

Plaintiff moves to withdraw the following motions because they have "been handled administratively by prison staff members":  Motion for Order Excusing Plaintiff from Responding to Defendants' Request for Interrogatories [Doc. #77]; Motion for Courtesy Copy of Court's File [Doc. #78]; and Motion for an Order in the Nature of a Preliminary Injunction or Protective Order [Doc. #79].  [Doc. #85], at 2.  Plaintiff's motion to withdraw these motions is granted.  The motions at Dockets ##77, 78, and 79 are withdrawn and the Clerk is directed to terminate those motions.

## III.   Plaintiff's Second Motion for Enlargement of Time to Respond to All the Defendants' Interrogatories and Requests for Production of Documents [Doc. #86]

Plaintiff seeks a second extension of time of ninety days to respond to Defendants' May 8, 2015 interrogatories and requests for production.[1]  The motion is unopposed.  Requests for extension of time to respond to discovery requests are governed by Rule 7(b) of the Local Rules.  Rule 7(b)(1) governs initial requests for extensions.  Rule 7(b)(2), applicable here, governs subsequent requests for extension, and requires that a movant show "good cause."  "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension."

Plaintiff argues that he has been delayed in responding to Defendants' discovery requests

---

[1] Plaintiff filed an initial motion for extension of time to respond to Defendant's interrogatories on June 8, 2015 [Doc. #56], which the Court granted on August 7, 2015 [Doc. #75].  It appears that the current motion is the first which seeks to extend Plaintiff's time to respond to Defendants' requests for production.

-3-

"due to the very restricted supplies provided to him by the State prison system[,] i.e. twenty (20) sheets of writing paper monthly."  [Doc. #86], at 2.  Moreover, he argues that he has requested the necessary supplies through Connecticut's Inmate Legal Assistance Program ("ILAP"), but that the ILAP has been in a state of transition and was initially non-responsive to his requests.  [Doc. #86], at 3-4.

Plaintiff has thereby demonstrated "good cause" for the extension, and his motion is granted. Plaintiff shall serve his responses no later than December 7, 2015.  The Court notes that Plaintiff will have had seven months to prepare his responses.

## IV.   Plaintiff's Motions for Leave to Serve Additional Interrogatories [Docs. ##87, 88]

In two identical motions, Plaintiff seeks leave to serve ten additional interrogatories on each of the twenty-four defendants in this case.  He argues that expanding the number of interrogatories would promote fairness as it would be impractical for him to conduct oral depositions of Defendants. However, Plaintiff does not identify with any specificity the information that he would be unable to obtain if he forewent depositions and instead was forced to rely on interrogatories alone.  Plaintiff merely states that the additional interrogatories would enable him to "develop the facts, discovery the identity of additional witnesses, location of relevant documents and location of relevant witnesses."  [Doc. #87], at 2.

Defendants oppose the motion.  [Doc. #95.]  They state that Plaintiff already has served in excess of twenty-five interrogatories on each Defendant.  They note further that Plaintiff has not crafted his interrogatories with regard to each Defendant's alleged actions or knowledge.  Instead, they argue, he has submitted identical interrogatories on each Defendant, some of which seek

information not reasonably calculated to lead to the discovery of admissible or relevant evidence and others that seek information outside the scope of the particular Defendant's knowledge.

Rule 33(a)(1) of the Federal Rules of Civil Procedure permits service on a party of no more than twenty-five interrogatories, including discrete sub-parts, unless a deviation is stipulated to by the parties or ordered by the court.   Defendants have attached as exhibits certain of the interrogatories served by Plaintiff.   For example, the interrogatories directed to Defendant Dr. Wright, [Doc. #95-1], Ex. A, are numbered 1 through 18, but, inclusive of sub-parts, comprise 31 separate questions.  Plaintiff did not obtain leave of this Court to serve these interrogatories.

This Court may alter the limits imposed on the number of interrogatories permitted by Rule 33(a)(1) only in accordance with Rule 26(b)(2)(A).   However, such alteration is subject to the limitations imposed by Rule 26(b)(2)(C), which provides that the court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

Plaintiff's proffered justification in support of his request is no more than a mere statement of the general purpose of interrogatories.   He identifies no specific non-duplicative or non-cumulative information he seeks from any Defendant, and has not attached any proposed additional interrogatories.  Thus, the Court cannot determine whether his requests fall within the scope of Rule 26(b)(1), or whether the questions would be unreasonably cumulative or duplicative.  Further, this case has now proceeded for nearly three years, and the likely burden of enlarging discovery at this

point would not be worth whatever minimal benefit that would stem from the enlargement.  The Motions are denied.

**V.    Plaintiff's Motion for Default Entry [Doc. #89]**

Plaintiff's motion, dated September 9, 2015, seeks an entry of default against all Defendants for failure to plead or otherwise defend against Plaintiff's Third Amended Complaint.  Plaintiff argues that "[t]he Defendants has [*sic*] not filed or served an answer or taken other action as may be permited [*sic*] by law although the deadline to do so has passed.  Defendants [were] suppose[d] to file an answer to my Third Amended Complaint by Sept. 8, 2015 and have not done so." [Doc. #89], at 3-4.

Plaintiff is incorrect.  On September 8, 2015, prior to Plaintiff's filing of its Motion for Default Entry, Defendants moved for an extension of time, until September 9, 2015, to file their response to Plaintiff's Third Amended Complaint. [Doc. #80].  This Court granted that motion the same day.  [Doc. #81].  Defendants thereafter filed their Motion to Dismiss on September 9, 2015. [Doc. #82].  Plaintiff's motion is denied.

**VI.    Plaintiff's Motion to Amend [Doc. #92]**

On September 9, 2015, Defendants filed a motion to dismiss certain claims from Plaintiff's Third Amended Complaint.  [Doc. #82].  Plaintiff has filed an opposition to that motion [Doc. #91], along with a motion seeking leave to file his Fourth Amended Complaint ("FAC") [Doc. #92].  That motion is unopposed.  Plaintiff states that the FAC addresses an inadvertent omission identified in the motion to dismiss but does not add any other new allegations or claims against any of the Defendants.

Plaintiff purports to seek amendment under Rule 15(a)(1) of the Federal Rules of Civil Procedure. However, Rule 15(a)(1) governs a party's first amendment of its complaint—an "amendment as a matter of course"—and is irrelevant here. This motion is rather governed by Rule 15(a)(2), which requires that subsequent amendments be permitted only with "the opposing party's written consent or the court's leave." That Rule makes clear, however, that the "Court should freely give [such] leave when justice so requires."

Plaintiff claims that "he inadvertently failed to include Defendant Carroll" in his earlier complaints and aims to amend his complaint solely to rectify that omission. [Doc. #92], at 2. The Court holds that this satisfies the requirement of Rule 15(a)(2). The unopposed Motion to Amend is granted. The Clerk is directed to separately docket the FAC.

As this case has been pending for nearly three years, no further amendments will be permitted. In lieu of requiring Defendants to file a renewed motion to dismiss directed at the FAC, the Court will afford Defendants thirty days to supplement their Motion to Dismiss if they so wish. Any supplemental opposition or reply papers may also be submitted in accordance with Local Rule 7. If Defendants choose not to submit a supplemental memorandum, the Court will consider the Motion to Dismiss [Doc. #82] as applied to the FAC.

## VII. Conclusion

Defendants' Motion to Seal [Doc. #83] is GRANTED;

Plaintiff's Motion to Withdraw [Doc. #85] is GRANTED, and the Clerk is directed to terminate Dockets ##77, 78, and 79;

Plaintiff's Second Motion for Enlargement of Time to Respond to All the Defendants' Interrogatories and Requests for Production of Documents [Doc. #86] is GRANTED;

-7-

Plaintiff's Motions for Leave to Serve Additional Interrogatories [Docs. ##87, 88] are DENIED;

Plaintiff's Motion for Default Entry [Doc. #89] is DENIED; and

Plaintiff's Motion to Amend [Doc. #92] is GRANTED;

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**

**October 23, 2015**

　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Charles S. Haight, Jr._

**Charles S. Haight, Jr.**

**Senior United States District Judge**